UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAYMOND L. GIBSON, JR. ) | |
| 3494 Penfield Rd. ) | CASE NO. 2:07 CV 00377 |
| Columbus, OH  43227, ) | |
| ) | Judge Marbley |
| Plaintiff ) | Magistrate Judge Able |
| ) | |
| Vs. ) | |
| ) | |
| SHELLY MATERIALS, INC., ) | |
| Dba The Shelly Co. ) | AMENDED COMPLAINT |
| c/o CT Corporation, Statutory Agent ) | JURY DEMAND |
| 1300 E. 9th St. ) | |
| Cleveland, OH  44114 ) | |
| ) | |
| Defendant ) | |

JURISDICTION

1. This action arises under Title Vii, 42 U.S.C. 2000e; 42 U.S.C. 1981; O.R.C. 4112.02, 4112.99.

2. Jurisdiction over the state law claims is invoked pursuant to the doctrine of pendent jurisdiction.

VENUE

3. Venue is laid in this district pursuant to 28 U.S.C. 1391 in that the defendant is doing business in Thornville, Ohio, and the claims alleged herein arose in Perry County, Ohio.

PARTIES

Plaintiff

1

4. Plaintiff is a resident of the State of Ohio.

## Defendant

5. Defendant is a corporation, organized and existing under the law of the State of Ohio, and is engaged in the business of producing paving materials and paved roads throughout the State of Ohio.

6. Defendant is an employer engaging in an industry affecting interstate commerce and has employed four (4) or fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the preceding calendar year. Defendant was and is, therefore, an employer within the meaning of Title VII, 42 U.S.C. 2000e, 42 U.S.C. 1981 and O.R.C. 4112.01.

## FACTUAL BACKGROUND

7. Plaintiff is African-American.

8. Plaintiff is a member of the International Union of Operating Engineers, Local 18. Plaintiff is a Journeyman, and performs the duties of a Roller Operator since 1996.

9. Defendant is a signatory to a collective bargaining agreement with the Union, pursuant to which the Union provides employees who run the heavy rollers and other equipment that lies and smoothes the new asphalt surface.

10. In Ohio, the paving season runs from May 1 to November 1. During this period, defendant employs construction crews that are made up of many different types of employees.

11. When the defendant starts a project, it selects a foreman for the construction crew, and then contacts the unions which provide the employees for the job.

12. Plaintiff began working for defendant as a Roller Operator in 1998 or 1999.

13. Plaintiff was qualified for the Foreman position.

14. On or about April 12, 2005, plaintiff told defendant that he was interested in applying for a Foreman position. Plaintiff was not promoted.

15. Defendant promoted Caucasian employees into Foreman positions.

16. Upon information and belief, defendant has only considered Caucasians for Foreman positions.  In 2003 and 2005, no minority employees were promoted to any positions.

17. Upon information and belief, only Caucasians have been promoted to Foreman positions for the past several years. In 2003 and 2005, no minority employees were promoted to any positions.

18. Defendant has a goal of promoting within the company.

19. Defendant has an informal "verbal and feedback system" to evaluate all employees within the company. Defendant does not have a formal evaluation system for employees.

20. Defendant does not have a formal mentoring or training program to prepare women and minorities for promotions.

21. Upon information and belief, defendant instituted a policy, pattern and practice of racial discrimination with respect to promoting minorities in their employment.

22. The plaintiff filed a charge of discrimination. The EEOC issued a Notice of Right to Sue on or about February 1, 2007.

COUNT I

(Title VII)

23. Plaintiff incorporates paragraphs one (1) through twenty-two (22) herein as if fully rewritten.

24. Plaintiff is African-American. Plaintiff applied for and was qualified for a Foreman position. Plaintiff was denied the promotion. Plaintiff was rejected in favor of another person with similar qualifications who was a Caucasian. By the foregoing acts, defendant discriminated against plaintiff by treating him differently than similarly situated Caucasian employees because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and et seq.

25. As a direct and proximate result of defendant's discriminatory conduct as set forth above, plaintiff has suffered a loss of compensation, loss of fringe benefits, loss of future earnings and loss of reputation, humiliation, embarrassment, loss of self-esteem, adverse health effects and loss of time and money endeavoring to protect himself from defendant's unlawful discrimination, including cost and attorney fees.

COUNT II

(Title VII)

26. Plaintiff incorporates by reference paragraphs one (1) through twenty-five (25) herein as if fully rewritten.

27. Defendant has maintained a pattern and practice of race discrimination against personnel who are minorities with respect to their employment.

28. Defendant has by the use of excessively subjective standards for selection of those to be promoted caused a significant, adverse and disparate discriminatory impact upon minorities. Plaintiff is one of the victims of the aforestated policy or practice.

29. By the use of said policy or practice, or by the use of excessively subjective standards for selection of those persons to be promoted, the defendant has violated Title VII because it either knew its conduct was prohibited by Title VII or because it acted with reckless disregard for whether its conduct was prohibited by Title VII.

30. As a direct and proximate result of defendant's actions taken against plaintiff because of his race, in violation of Title VII, plaintiff has suffered a loss of compensation, loss of fringe benefits, loss of future earnings and loss of reputation, humiliation, embarrassment, loss of self-esteem, adverse health effects and loss of time and money endeavoring to protect himself from defendant's unlawful discrimination, including cost and attorney fees.

## COUNT III
(42 U.S.C. 1981)

31. Plaintiff reincorporates paragraphs one (1) through thirty (30) herein as if fully rewritten.

32. Plaintiff is African-American. Plaintiff applied for and was qualified for a Foreman position. Plaintiff was denied the promotion. Plaintiff was rejected for anther person with similar qualifications who is Caucasian.

33. As a direct and proximate result of defendant's discriminatory conduct as set forth above, plaintiff has suffered a loss of compensation, loss of future earnings and loss of reputation, humiliation, embarrassment, loss of self-esteem, adverse health effects and loss of time and money endeavoring to protect himself from defendant's unlawful discrimination, including cost and attorney fees.

## COUNT IV

### (O.R.C. 4112.02; 4112.99)

34. Plaintiff reincorporates paragraphs one (1) through thirty-three (33) herein as if fully rewritten.

35. Plaintiff has been and is currently being discriminated against by defendant because of his race in violation of Ohio Revised Code 4112.02 and 4112.99.

36. As a direct and proximate result of defendant's discriminatory conduct as set forth above, plaintiff has suffered a loss of compensation, loss of fringe benefits, loss future earnings and loss of reputation, humiliation, embarrassment, loss of self-esteem, adverse health effects and loss of time and money endeavoring to protect himself from defendant's unlawful discrimination, including cost and attorney fees.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT:

1. Award compensatory damages including lost back and front wages, liquidated damages, punitive damages, lost pension, health and other fringe benefits,

      compensation for mental and emotional distress, and for humiliation, embarrassment, loss of reputation and loss of self-esteem.

2. Award expenses, interest, cost and reasonable attorney fees.
3. Award any and all other relief as it may deem just and proper.

      /s/ Teresa Cunningham
      Teresa Cunningham
      71 Cavalier Blvd., Suite 100
      Florence, KY  41042
      859-371-7300; 859-371-7326 fax
      tcunningham@isoc.net

## JURY DEMAND

Plaintiff herewith demands a trial by jury.

      /s/ Teresa Cunningham
      Teresa Cunningham